**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH ERBY FREEMAN,

      Petitioner,               Case No. 5:15-CV-12629

v.                             HONORABLE JOHN CORBETT O'MEARA

                                   UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

      Respondent,

_____/

## OPINION AND ORDER GRANTING THE MOTION TO WITHDRAW AS COUNSEL AND GRANTING PETITIONER AN ADDITIONAL SIXTY DAYS TO FILE A REPLY TO THE MOTION FOR SUMMARY JUDGMENT

Joseph Erby Freeman, ("petitioner"), presently confined at the St. Louis Correctional Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, through his attorney, Michael Skinner, in which he sought relief from his convictions for assault with intent to do great bodily harm and assault with intent to murder. Respondent filed a motion for summary judgment on the ground that the petition was filed outside of the one year limitations period contained in 28 U.S.C. § 2244(d).

Petitioner's counsel has filed a motion to withdraw as counsel and a motion for an extension of time for petitioner to file his own *pro per* reply brief. For the reasons that follow, the motions are granted.

Under the Model Rules of Prof'l Conduct R. 1.16(b):

[A] lawyer may withdraw from representing a client if:...

(5) the client fails substantially to fulfill an obligation to the lawyer

1

regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(7) other good cause for withdrawal exists.

Although these rules do not guarantee a right to withdraw, "they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009).

Mr. Skinner claims that petitioner has failed to pay outstanding fees that are owed to him for legal services rendered. Petitioner failed to respond to Mr. Skinner's motion. Mr. Skinner is entitled to withdraw from representation due to petitioner's failure to pay his legal fees. *Brandon*, 560 F.3d at 538. The motion to withdraw is GRANTED.

The Court will, however, grant petitioner an additional sixty (60) days from the date of this order to file a reply brief to the motion for summary judgment, if he wishes. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

Based upon the foregoing, **IT IS ORDERED** that the motion to withdraw as counsel [Dkt. # 9] is **GRANTED.**

**IT IS FURTHER ORDERED** That the motion for an extension of time to respond to the motion for summary judgment [Dkt. # 10] is **GRANTED.** Petitioner shall have **sixty (60) days** from the date of this order to file a pro per reply brief to the motion for summary

2

judgment is he so chooses.

s/John Corbett O'Meara
United States District Judge

Date:  May 13, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 13, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager