UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ERBY FREEMAN,

    Petitioner,                              Civil No. 5:15-CV-12629
                                                HONORABLE JOHN CORBETT O'MEARA
v.                                                  UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Joseph Erby Freeman, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas petition, petitioner challenges his conviction for one count of assault with intent to commit murder, M.C.L.A. 750.83; and two counts of assault with intent to do great bodily harm, M.C.L.A. 750.84. Respondent filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has not filed a reply to the motion. For the reasons stated below, the petition for a writ of habeas corpus is SUMMARILY DENIED.

**I.  Background**

Petitioner was convicted following a jury trial in the Ionia County Circuit Court. Direct review of petitioner's conviction ended in the Michigan courts on November 25,

1

2008, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. *People v. Freeman*, 482 Mich. 1064, 757 N.W.2d 481 (2008).

On November 5, 2009, petitioner signed and dated a post-conviction motion for relief from judgment with the trial court. [1] After the trial court denied the motion for relief from judgment and the Michigan Court of Appeals denied petitioner's application for leave to appeal, collateral review of petitioner's conviction ended in the Michigan courts on December 26, 2012, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Freeman,* 493 Mich. 918, 823 N.W. 2d 609 (2012).

Petitioner, through counsel, filed his petition for writ of habeas corpus on July 27, 2015. [2]

## II.  Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the

---

[1] The trial court docket entries do not indicate the date that the motion was actually filed.  This Court gives petitioner the benefit of the doubt and will regard the filing date as being from the date that the motion was signed.

[2] On May 13, 2016, petitioner's counsel was permitted to withdraw as counsel.  Petitioner was given sixty days to file his own *pro se* reply to the motion for summary judgment.

non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d

3

1185, 1187 (E.D. Mich. 2001).

In the present case, the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his appeal of right by the Michigan Court of Appeals on November 25, 2008. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on February 23, 2009, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than February 23, 2010 in order for the petition to be timely filed.

Petitioner filed his post-conviction motion for relief from judgment with the state trial court at the earliest, on November 5, 2009, after two hundred and fifty four days had already elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D.

Mich. 2001). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for relief from judgment on December 26, 2012. *Hudson v. Jones*, 35 F. Supp. 2d 986, 988-989 (E.D. Mich. 1999).[3] Petitioner had one hundred and eleven days remaining, or until April 17, 2013, to file his habeas petition. Because petitioner did not file his petition with the Court until July 27, 2015, the instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id*. Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue or show

---

[3] The one year limitations period would not be tolled further under § 2244(d)(2) during the time which petitioner could have sought certiorari review of the denial of his state post-conviction motion with the United States Supreme Court. *See Lawrence v. Florida,* 549 U.S. 327, 329 (2007).

that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

Although petitioner claims that trial counsel was ineffective for failing to call alibi witnesses, petitioner failed to name these alibi witnesses, detail the content of their testimony, or provide affidavits from these witnesses indicating their willingness to testify on petitioner's behalf. Although the "failure to call alibi witnesses suggests legal insufficiency," this Court "cannot say that this testimony alone would have satisfied the high bar for demonstrating factual innocence[.]" so as to excuse the untimely filing of the petition. *Bell v. Howes*, 703 F.3d 848, 855 (6th Cir. 2012). This is particularly so in light of the fact that petitioner's ineffective assistance of counsel claim is conclusory and unsupported. Petitioner is not entitled to tolling of the limitations period, because the alleged alibi evidence has provided very little credible evidence of petitioner's innocence, so as to excuse the untimely filing of the petition. *See Turner v. Romanowski*, 409 F. App'x. 922, 927-30 (6th Cir. 2011).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of


appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See*

*Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: July 19, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 19, 2016, using the ECF system and/or ordinary mail.

                                                  s/William Barkholz
                                                  Case Manager